# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    **Plaintiff,**

    **v.**                                   **Case No. 14-CR-197**

LOUIS RODRIGUEZ-RAMIREZ,

    **Defendant.**

## ORDER DENYING DEFENDANT'S REQUEST FOR EVIDENTIARY HEARING ON MOTION TO SUPPRESS

On December 2, 2014, a grand jury sitting in the Eastern District of Wisconsin returned a twelve-count superseding indictment against nine defendants. (Docket # 72.) Louis Rodriguez-Ramirez ("Rodriguez-Ramirez") is charged in Count Two of the superseding indictment with conspiracy to possess with intent to distribute and distribution of heroin and cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846 and 18 U.S.C. § 2. Rodriguez-Ramirez is charged in Count Six with distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2.

Rodriguez-Ramirez has filed a motion to suppress, arguing that the police's warrantless stop of his vehicle was not supported by reasonable suspicion or probable cause. (Docket # 117 at 1.) As part of this motion, Rodriguez-Ramirez seeks an evidentiary hearing to develop the facts surrounding the officers' stop of his vehicle. The government argues that Rodriguez-Ramirez failed to satisfy his burden of alleging facts sufficient to justify an evidentiary hearing in this matter. (Docket # 119 at 4-6.)

It is well established that evidentiary hearings are warranted only when the defendant's allegations are definite, non-conjectural, and detailed enough to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact that will affect the outcome of the motion. *United States v. Coleman*, 149 F.3d 674, 677 (7th Cir. 1998). Evidentiary hearings on motions to suppress are not granted as a matter of course but are held only when the defendant alleges sufficient facts which if proven would justify relief. *United States v. Hamm*, 786 F.2d 804, 807 (7th Cir. 1986) ("[A] trial court need only grant a suppression hearing when a defendant presents facts justifying relief, that is, facts which are definite, specific, detailed and nonconjectural.").

Rodriguez-Ramirez lists the following facts as being in dispute:

> 11. What was the nature of the seizure in this case? Was this merely a field interview for which reasonable suspicion is required, or, given the fact that the officers boxed-in Ramirez's vehicle, was this an arrest?

> 12. Was there reasonable suspicion to detain Ramirez, or probable cause to arrest the occupants?

(Docket # 117 at 3.) As to numbers 11 and 12, Rodriguez-Ramirez fails to articulate what facts are in dispute with regard to these issues. "[A] defendant may not obtain an evidentiary hearing simply out of a desire to put the government to its proof." *United States v. Dotson*, No. 12-CR-58 (E.D. Wis. May 3, 2012). Rodriguez-Ramirez also lists these facts as being in dispute:

> 13. Ramirez contends that upon parking next to his vehicle, the the [sic] officers *immediately* ordered all of the occupants out of the Honda. The officers said that they were looking for "Forforo", which [is] the nickname of one of the passengers. Thus, Ramirez contends that, as a matter of constitutional fact, he was arrested at that point and there was no probable cause.

> 14. The police, on the other hand, contend that Ramirez's vehicle was parked more than twelve inches from the curb; and, once officer Gadzalinski reached driver's window of the Honda, he saw the occupants making furtive movements. He then

claims to have smelled the odor of marijuana. This, according to the police, provided a reasonable suspicion to continue the investigation. Thereafter, when the police discovered the controlled substances, there was probable cause to arrest.

(*Id.*) As to numbers 13 and 14, Rodriguez-Ramirez does not submit an affidavit or proffer that a witness will testify that the officers immediately ordered all of the occupants out of the Honda. Nor does he proffer any facts disputing, for example, that Rodriguez-Ramirez's vehicle was parked more than twelve inches from the curb. Because Rodriguez-Ramirez has not shown that there are disputed issues of material fact that will affect the outcome of the motion, his request for an evidentiary hearing is denied without prejudice. Should Rodriguez-Ramirez choose to resubmit his request for an evidentiary hearing that complies with *United States v. Coleman*, 149 F.3d 674 (7th Cir. 1998), and *United States v. Dotson*, No. 12-CR-58 (E.D. Wis. May 3, 2012), he must do so no later than May 22, 2015.

**IT IS THEREFORE ORDERED** that Rodriguez-Ramirez's request for an evidentiary hearing is **DENIED WITHOUT PREJUDICE**. Should he choose to resubmit his request, he must do so no later than May 22, 2015.

Dated at Milwaukee, Wisconsin this 14th day of May, 2015.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge